The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Representative Bradford:
I am writing in response to your request for an opinion concerning the residency requirement for judicial candidates under newly adopted Amendment 80 to the Arkansas Constitution and the "Amended Consent Decree" in Hunt v. State of Arkansas (No. PB-C-89-406, E.D. Ark. 1992) (the "Hunt Decree"). Specifically you ask that I "address and/or reconcile the language in the Hunt Decree where it states that a Judge running for a position in a judicial sub-district is not required to reside in that judicial sub-district, with the new Amendment 80 (Revision of Arkansas Constitution, Article 7) Section 16(D) and Section 17(A)." You also state that: [t]here is considerable confusion here in Pine Bluff as to whether or not Amendment 80 can require that a judicial candidate who lives in the judicial district, but who may not live in the sub-district within the judicial district, may run for Circuit Judge."
RESPONSE
In my opinion, judicial candidates affected by the Hunt Decree are not required to reside within the specially created election sub-districts mandated in that Decree. The Hunt Decree still controls the issue and nothing in Amendment 80 alters or affects this conclusion.
The Hunt Decree was the end result of federal "Voting Rights Act" litigation that alleged an unconstitutional denial of equal opportunity on the part of African Americans to participate in the electoral process and to elect judicial candidates of their choice. The pertinent portion of the federal court decree states that:
 Existing Judicial Districts. The remedy ordered by this Court will not disturb the existing district lines of the present judicial districts except to the extent that it creates electoral sub-districts within the First, Second, Sixth, Tenth and Eleventh West Judicial Districts for the purposes of election only. All judges elected from the electoral sub-districts will exercise jurisdiction district-wide in their capacity as circuit, chancery or circuit-chancery judges. There will be no sub-district residency requirement.
Hunt Decree, § I (C). (Emphasis added).
It is clear, therefore, under the Hunt Decree, that judicial candidates and judges affected by the Hunt Decree are not required to reside within the specially created sub-districts. See also generally Caldwell v.State, 322 Ark. 543, 910 S.W.2d 667 (1995). Your question is whether Amendment 80, §§ 16 (D) and 17(A) impact this conclusion.
Amendment 80 is a comprehensive revision of the judicial branch of state government. It substantially revised much of Article 7 of the Arkansas Constitution dealing with the organization of the judicial branch. The particular sections of Amendment 80 to which you refer, §§ 16(D) and 17 (A), provide respectively as follows:
 § 16(D). All Justices and Judges shall be qualified electors within the geographical area from which they are chosen, and Circuit and District Judges shall reside within that geographical area at the time of election and during their period of service. A geographical area may include any county contiguous to the county to be served when there are no qualified candidates available in the county to be served.
* * *
 § 17 (A). Circuit Judges and District Judges shall be elected on a nonpartisan basis by a majority of qualified electors voting for such office within the circuit or district which they serve.
In my opinion nothing in these sections purports to alter the language in the Hunt Decree that obviates a residency requirement in the specially-created judicial sub-districts. With regard to circuit judges, Section 16(D) requires residency in the "geographical area" from which the judges are chosen. It is apparent that the broad term "geographic area" was used because several different types of justices and judges, serving distinct areas, were being addressed in one provision. That is, the provision addresses the Justices of the Supreme Court who serve the state at large, Arkansas Court of Appeals Judges, who serve defined districts, circuit judges who serve a judicial district and district judges who serve a city or county. The broad term "geographic area" describes all these varying territories. In my opinion Section 16(D) of Amendment 80 was not intended to describe a specially created electoral sub-district mandated by the Hunt Decree. Additionally, the issue of a judge's residency does not appear to be addressed by Section 17(A) of Amendment 80.
In any event, Amendment 80 could not have the effect of superseding the Hunt Decree on this point, even if the language purported to do so. The federal supremacy clause (U.S. Constitution, art. 6, § 2), requires adherence to federal consent decrees, notwithstanding later changes in state law. See e.g., Cooper v. Aaron, 358 U.S. 1 (1958); Washington v.Fishing Vessel Ass'n, 443 U.S. 658 (1979); and Badgley v. Santacroce,800 F.2d 33 (2d Cir. 1986) cert denied, 479 U.S. 1067 (1987).
In my opinion, therefore, judicial candidates affected by the Hunt Decree are not required by Amendment 80 to reside within the specially created judicial sub-districts, but must reside within the larger relevant judicial district.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh